NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES and NATIVE ECOSYSTEMS COUNCIL, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TOM TIDWELL; et al., <br><br> Defendants - Appellees. | No. 09-35619 <br><br> D.C. No. 6:08-cv-00011-CCL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted May 6, 2010
Portland, Oregon

Before: KOZINSKI, Chief Judge, BEA and IKUTA, Circuit Judges.

Alliance for the Wild Rockies ("Wild Rockies") appeals the district court's

denial of its motion for summary judgment and the district court's grant of

summary judgment to the Forest Service on Wild Rockies's claims the Forest

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Service violated the National Environmental Policy Act ("NEPA") and the National Forest Management Act ("NFMA") when the Forest Service approved the Big Timber Canyon Project ("the project")—a "sanitation harvest" of 180 acres of timber in the Gallatin National Forest in Montana to control the infestation of the Douglas-fir bark beetle. We affirm.

## I

Wild Rockies's opening brief included the Declaration of Michael Garrity, which we construe as a motion to expand the record on appeal. *See* Fed. R. App. P. 10(e)(2). Garrity declares that he is a member of Wild Rockies, that he has plans to visit the proposed project area in the future, and that the project will impair his ability to enjoy the area and observe wildlife such as the goshawk. We find, in light of the representations made in oral argument, that this declaration, which states it was made pursuant to 28 U.S.C. § 1746, meets the requirements of that section, and that it is sufficient to establish Wild Rockies's standing to bring suit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562–63 (1992). We nonetheless affirm.

## II

First, the Forest Service concluded that the project's potential impact on the northern goshawk did not constitute an extraordinary circumstance that would

preclude the application of the sanitation harvest categorical exclusion; this conclusion was not arbitrary or capricious. The bird is not a federally listed sensitive species, and the Forest Service took sufficient measures based on scientific studies to mitigate any effect that the logging might have on the nest it identified in unit one. It created a 40-acre no-activity zone around the nest and banned any logging activities from March 1 to August 15—when goshawk young are born and grow up. Wild Rockies contends these measures are insufficient based on different scientific studies. But, although a "party may cite studies that support a conclusion different from the one the Forest Service reached, it is not our role to weigh competing scientific analyses." *Ecology Ctr. v. Castaneda*, 574 F.3d 652, 658–59 (9th Cir. 2009).

Second, the Forest Service was not required to consider whether the project area's proximity to an "inventoried roadless area" constituted an extraordinary circumstance that would preclude the application of the sanitation harvest categorical exclusion. The Forest Service manual states that it is an extraordinary circumstance if a project will take place in an inventoried roadless area. However, neither unit one nor unit two is such an area. Because the project does not take place in an inventoried roadless area, it does not create an extraordinary circumstance.

3

*Lands Council v. Martin*, 529 F.3d 1219, 1231 (9th Cir. 2008) is inapposite because it addresses what an agency must consider in preparing an EIS, not what it must consider in applying a categorical exclusion. *Compare* 40 C.F.R. § 1502.1 *with* 40 C.F.R. § 1508.4.

### III

The Gallatin National Forest Plan requires that 10% of the area in every timber compartment be old growth forest. The Forest Service's determination that its harvest would be in compliance with the 10% standard was not arbitrary or capricious. It has calculated that 26% of the forest in the relevant timber compartment qualifies as old growth. The harvest will reduce that by only 0.02%. Wild Rockies contends this calculation is based on the Forest Service's misreading of the Forest Plan, but "[this court] defer[s] to the Forest Service's reasonable interpretation of the Forest Plan's requirements." *Ecology Ctr.*, 574 F.3d at 661.

The Gallatin National Forest Plan also requires that the Forest Service maintain 30 snags per 10 acres in all forested areas. The Forest Service's conclusion that its project would be in compliance with the Plan's snag standard was not arbitrary or capricious either.

**AFFIRMED.**

4